UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) | |
| | ) | Case No. 1:22-cv-1554 |
| Plaintiff, | ) | |
| | ) | Judge Bridget Meehan Brennan |
| v. | ) | |
| | ) | |
| KRIS A. SWAFFER, et al, | ) | (Oral Argument Requested) |
| | ) | |
| Defendants, | ) | |

### DEFENDANT SEAN WILLIAMS' MOTION FOR A LIMITED STAY AND INCORPORATED MEMORANDUM OF LAW

NOW COMES Defendant Sean Williams ("Mr. Williams"), through his undersigned

counsel, and respectfully moves for a limited stay of certain obligations in this civil action

because of a concurrent federal criminal investigation.[1]  As more fully explained in the

incorporated memorandum of law below, the interests of justice support a stay of limited

duration to avoid impairing Mr. Williams' Fifth Amendment right against self-incrimination and

extending discovery beyond the limits of the Federal Rules of Criminal Procedure.

Accordingly, Mr. Williams respectfully moves for an order  staying his obligation to

answer the complaint, to participate in discovery, and to sit for a deposition until June 15, 2023

with leave to move at that time to extend the stay or to proceed with litigating this case in full.  In

support, Mr. Williams states as follows:

---

[1] By order of this Court, Mr. Williams' answer is currently due on November 21, 2022.

<u>**MEMORANDUM IN SUPPORT**</u>

I.  <u>**INTRODUCTION**</u>

This action arises from alleged fraud in the sale of unregistered securities and misappropriation of investment funds.  (*See* Complaint, Dkt. 1).  The Securities and Exchange Commission (the "SEC") alleges violations of the registration provisions of Section 5(a) and (c) of the Securities Act of 1933, violations of the anti-fraud provisions of Section 17(a) of the Securities Act, and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder.  (*See* Dkt. No. 1.)

At this same time, the Government has also disclosed a pending federal criminal investigation based in the Western District of Michigan arising, upon information and belief, from the same facts and circumstances as this civil action.  The lead prosecutor for the investigation has advised undersigned counsel that Mr. Williams  is a "target" of this investigation.  These concurrent proceedings initiated by the same government merit a limited stay of this civil case for reasons discussed below, including the following:

- The federal government is the party in interest in the criminal investigation and this civil action;

- Mr. Williams, a natural person, holds a Fifth Amendment right against self-incrimination which is potentially threatened by the adverse inference which may be drawn in this civil case;

- Civil discovery at this time further threatens to extend discovery beyond that available in the criminal process to the potential unfair detriment of both Mr. Williams and the Department of Justice;

- The SEC should suffer no significant prejudice from the limited stay sought in this instance;

- The interests of justice support a stay which will protect the exercise of a basic constitutional right and may promote a more efficient resolution of this civil action.

2

Accordingly, based on the circumstances of this case, Mr. Williams respectfully requests that this Court issue a limited stay until June 30, 2023 to comply with certain obligations that impair his Fifth Amendment right against self-incrimination and extend discovery beyond that available in the criminal process.

## II.    LAW AND ARGUMENT

### A.    This Court Should Exercise Its Authority to Stay this Case

This Court has the inherent power to stay its own proceedings when the interests of justice so require.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (en banc).  "Incident to that inherent authority is the 'broad discretion in determining whether to stay a civil action while a criminal action is pending.'"  *SEC v. Bongiorno*, No. 1:20-cv-00469, 2022 U.S. Dist. LEXIS 56009, at *4 (N.D. Ohio Mar. 28, 2022) (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014)).  A "court may decide in its discretion to stay civil proceedings…'when the interests of justice seem() to require such action, sometimes at the request of the prosecution, sometimes at the request of the defense."  *Dresser Indus.*, 628 F.2d at 1375 (*quoting United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)).

Where, as here, there are concurrent criminal and civil proceedings, "'[c]ourts are afforded the discretion [to grant a stay] because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case.'" *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1040-41 (W.D. Mich. 2007) (*quoting Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995)); *see also*

*McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019) (recognizing "peril" to criminal defendant's interests from parallel civil litigation and the potential solution of a stay).

In determining whether to stay a civil case because of a concurrent criminal proceeding, courts in this Circuit "generally consider" the following six factors:

1.   The extent to which the issues in the criminal case overlap with those presented in the civil case;

2.   The status of the case, including whether the defendants have been indicted;

3.   The private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to the plaintiffs caused by the delay;

4.   The private interests of and burden on the defendants;

5.   The interests of the court; and

6.   The public interest.

*E.M.A. Nationwide*, 767 F.3d at 627 (internal citations omitted).[2]  Federal Courts balance such often competing interests in determining whether to grant a stay.  *See e.g.*, *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 55-56 (E.D. Pa. 1980) (identifying "the principal competing interests which…must be accounted for in the balance we reach.")  In balancing these factors, courts "should consider 'the extent to which the defendant's fifth amendment rights are implicated.'"  *E.M.A. Nationwide*, 767 F.3d at 627 (*quoting Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)).

---

[2]  The Sixth Circuit's statement of the factors to be weighed trace back to *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund*, 886 F. Supp. at 1139.  While that Judge's formulation of the factors is consistent in general with the prevailing test stated by Judge Louis Pollak in *Golden Quality Ice Cream Co.*, 87 F.R.D. at 56, the statement of the third factor is potentially misleading to the extent it suggests the court weighs the interest of the plaintiff against the prejudice to that same party.  What is weighed are the interests of a range of parties.

4

**B.** **The Factors Applied to this Case Favor a Stay of Limited Duration.**

    **1.** **There is Substantial Overlap Between This Case And The Criminal Investigation.**

This first factor weighs in favor of a stay.  The Government has identified Mr. Williams as a "target" of a federal criminal investigation based in the Western District of Michigan.  (*See* Declaration attached as Exhibit A).  To Mr. William's understanding, the criminal investigation concerns the same operative facts regarding the startup of the cannabis business at issue in the SEC complaint before this Court.  In conferences with the SEC and the lead prosecutor for the Department of Justice, no one has suggested that the criminal investigation and this SEC enforcement action are unrelated.  (*Id*.)  Accordingly, Mr. Williams has real concerns for his obligations in this civil action to respond to the allegations in the complaint, to produce documents, and to sit for a deposition under oath, and for the prejudice to his defense if he asserts his Fifth Amendment right in light of his "target status" in the federal criminal investigation.

    **2.** **The Status of the Criminal Case Should Not Weigh Against a Stay.**

As stated, the current status of this matter is an active federal criminal investigation now proceeding concurrently with this recently filed civil action.   Mr. Williams faces in November the obligation to respond to each allegation in the Complaint and to either forfeit his Fifth Amendment Right against self-incrimination or to suffer a potential adverse inference in this civil action.  He also faces "tipping his hand as to his defense strategy…and taking on discovery obligations not required in the criminal context." *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019).

While an indictment has not been returned, Mr. Williams' criminal exposure is not speculative: the Department of Justice has identified him as a "target." (*See* Declaration, Exhibit A).  As this Court knows, "[A] 'target' is a person to whom the prosecutor or the grand jury has

substantial evidence linking him or her to the commission of a crime and, who, in the judgment of the prosecutor, is *a putative defendant*." Justice Manual, § 9-11.151 (emphasis added). Accordingly, as "a putative defendant" in the eyes of the prosecution, Mr. Williams concern for getting whipsawed between the criminal and the civil processes is real.

Federal courts have stayed all or a portion of civil actions during an active criminal investigation but prior to the initiation of formal charges. *See e.g.*, *SEC v. Healthsouth Corp.*, 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003) (granting a pre-indictment stay where charges are an "eventuality" and harm to defendant "from blindly pushing ahead with this matter" would "greatly outweigh the prejudice to the SEC"); *Walsh Sec. v. Cristo Prop. Mgmt*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998) (granting a stay of all interrogatory and deposition discovery for five months pending the outcome of related criminal investigations); *Cont'l Ins. Co. v. Securi Enters.*, *Inc.*, No. 10-4586, 2010 U.S. Dist. LEXIS 135593, at *29 (D.N.J. Dec. 21, 2010) (staying a civil case pending resolution of the ongoing criminal investigation involving similar facts); *Winston v. City of Cleveland*, No. 1:14-cv-2670, Doc. #33 (N.D. Ohio June 1, 2015) (granting a pre-indictment stay during pendency of a criminal investigation); *Sherrod v. Williams*, No. 3:14-cv-454, 2015 U.S. Dist. LEXIS 173352, at *7 (S.D. Ohio Dec. 31, 2015) (granting defendants' motion for a stay due to an active parallel criminal investigation); *Brock v. Talkow,* 109 F.R.D. 116, 119 (E.D.N.Y. 1985) (granting pre-indictment stay of ERISA lawsuit where defendants were also served with grand jury subpoenas).

Indeed, in the case relied upon by the Sixth Circuit for the factors to balance, the court granted a pre-indictment stay of an ERISA lawsuit brought by the government because of the disclosure of an ongoing criminal investigation into overlapping allegations of retirement benefits fraud. *Chao*, 498 F. Supp. 2d at 1040-41. The court in *Chao* so stayed the civil case despite acknowledging that stays are often denied when no indictment has yet been returned. *Id.*

at 1037-38.  In declining to find the absence of criminal charges  as a decisive factor weighing against a stay, the court noted the government's involvement in both the civil and the criminal proceedings and that other factors summarized in the six part test should be given greater significance.  *Id.* at 1038-39.

Finally, where the criminal defendant or suspect files a civil action, the Supreme Court has recognized that "in accord with common practice," the district court has the "power" to stay the civil action "until the criminal case *or the likelihood of a criminal case is ended*."  *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (emphasis added). No different view should prevail when the government is the plaintiff.

### 3. Plaintiff Should Incur No Real Prejudice from a Stay of Limited Duration.

The SEC will articulate its interests in opposing a stay.  However, like most plaintiffs, the SEC can be expected to express an interest in proceeding expeditiously with its case.  While this is a valid interest in general, it is limited in this particular case by several factors.  First, unlike most plaintiffs, the SEC has already had the opportunity through the conduct of its formal investigation to preserve testimony and other evidence.  Thus, the usual concern for the loss of memory or testimony, which plaintiffs raise in opposition to motions for stays, carries less weight in this instance.  Indeed, while conducting its investigation,  the SEC  waited more than a year and a half to bring these civil claims against Mr. Williams for conduct ending in 2020.  *See* Dkt. No. 1 ¶ 81 (alleging Mr. Williams' relevant conduct occurred between April 2017 and January 2020). The SEC's patience in filing this action until close to the running of the statute of limitations belies any notion that it will suffer substantial prejudice by a limited stay.

Second, any actual prejudice is mitigated by the fact that Mr. Williams only seeks a limited stay of his obligation to answer the Complaint and participate in discovery until June of 2023.  *See McGee v. Madison Cty*, No. 1:15-cv-1069, 2015 U.S. Dist. LEXIS 74801, at *10

(W.D. Tenn. June 10, 2015) (noting a limited stay strikes a balance and allays plaintiff's concerns about the passage of time and potential loss of evidence). In other words, Mr. Williams does not seek a stay of indefinite duration for the criminal investigation to be concluded and criminal charges, if filed, to be resolved by plea or trial. During the limited time period of the requested stay, the SEC can organize and produce its discovery in this case, and defendants can then review this discovery. Even in the absence of a stay, this process would consume a substantial part if not all of the seven month period at issue. Accordingly, the limited stay sought by this motion does not result in a complete loss of time or in all likelihood significant delay to the progress of this case.

Third, in considering the interests of the plaintiff, it should be remembered that the plaintiff is the federal government and this sovereign has interests greater than this civil action. Of course, the federal government, by the Department of Justice and other law enforcement agencies, is also conducting the criminal investigation and has a real interest in the targets not using this civil action to discover information regarding the criminal investigation. Indeed, for this reason, it is the Government which often moves to stay the civil case and federal courts grant a stay on this basis. *See e.g.*, *Southeast Recovery Grp, LLC v. BP Am., Inc.*, 278 F.R.D. 162, 169 (E.D. La. 2012) (granting a total stay of the civil proceeding until the criminal investigation is complete because discovery in the civil case could disrupt and undermine the criminal investigation); *SEC v. Downe*, No. 92 Civ. 4092, 1993 U.S. Dist. LEXIS 753, at *41 (S.D.N.Y. Jan. 26, 1993) (staying all discovery for three months pending the outcome of the criminal investigation because allowing civil discovery to be obtained could irreparably harm the criminal investigation). Accordingly, the interests of the Government are not uniformly aligned against a

stay of limited duration, but also align with Mr. Williams in seeking the relief sought.[3]  It would be unjust for Mr. Williams to be forced to choose between exercising his constitutional right against self-incrimination and suffering an adverse inference in this litigation only to have the Government move later to stay this case.

> ### 4.     The Private Interests And Burden on Mr. Williams Weighs Strongly in Favor of a Stay.

Mr. Williams presents a clear case for prejudice because the federal government is the interested party in both this civil action and the criminal investigation, and Mr. Williams is a natural person with a constitutional right against self-incrimination.  *See Afro-Lecon, Inc. v. United States*, 820 F.2d 1198, 1203 (Fed. Cir. 1987) (recognizing potential for abuse of discovery where the Government is a party to the criminal and civil proceedings) *Chao*, 498 F. Supp. 2d at 1040 (emphasis added) ("courts routinely acknowledge that such circumstances [identity of issues and the government is an interested party in both criminal and civil proceedings] *present the most compelling basis for a stay of civil proceedings*, even when an indictment has not yet been issued") (emphasis added); *Talkow,* 109 F.R.D. at 119 ("a stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter and is *even more appropriate when both actions are brought by the government.*") (emphasis added).

Mr. Williams faces a clear threat to his Fifth Amendment privilege against self-incrimination, as well as criminal discovery beyond the limits of Rule 16(b) of the Federal Rules of Criminal Procedure.[4]  *See McDonough,* 139 S. Ct. at 2158 (defendant caught in concurrent

---

[3]  Seldom will a prosecutor want targets and subjects of a criminal investigation to conduct discovery unavailable in the criminal process regarding issues under investigation.

[4]  Without the benefit of the assistance of counsel, Mr. Williams voluntarily answered questions under oath during the SEC's formal investigation.  The fact that he did not invoke his Fifth Amendment right – while proceeding pro se and prior to learning of his target status in a criminal investigation – does not forfeit his right to invoke the Fifth Amendment in the criminal proceedings or this action.

civil and criminal proceedings "risks tipping his hand as to his defense strategy, undermining his privilege against self-incrimination, and taking on discovery obligations not required in the criminal context."); *accord*, *Dresser Indus.*, 628 F. 2d at 1376; *SEC v. Abdallah*, 313 F.R.D. 59, 64-65 (N.D. Ohio 2016); *Chao*, 498 F. Supp. 2d at 4.

As to the impairment of his Fifth Amendment right against self-incrimination, Mr. Williams is a natural person with the constitutional right to remain silent in both criminal and civil proceedings. However, unlike in a criminal proceeding, in this civil case an adverse inference may be drawn from Mr. Williams' refusal to testify or other invocation of Fifth Amendment rights. *Baxter v. Palmigiano*, 425 U.S. 308, 318-19 (1976); *see also Hoxie v. Drug Enforcement Admin.*, 419 F.3d 477, 483 (6th Cir. 2005). Thus, unless this civil action is stayed, Mr. Williams may be penalized if he exercises his constitutional right against self-incrimination.

Furthermore, "'[w]hen both actions are brought by the government, there is a danger that the government may use civil discovery to obtain evidence and information for use in its criminal prosecution, and by doing so, circumvent, the Fifth Amendment rights against self-incrimination.'" *Chao*, 498 F. Supp. 2d at 1039 (*quoting Cruz v. City Dupage*, 1997 U.S. Dist. LEXIS 9220, at *3 (N.D. Ill. June 27, 1997)). Our adversarial criminal justice system respects a defendant's right to stand silent and compel the government to meet its burden of proof, but by also initiating a concurrent civil action where the defendant stands to lose all he or she owns, the government can transform the process into an inquisitorial one where a defendant is pressured to speak.

This is a significant burden to a constitutional right which federal courts recognize may justify a stay of the civil case in the interest of justice. *See E.M.A. Nationwide, Inc.*, 767 F.3d at 627 (district courts "should consider the extent to which the defendant's fifth amendment rights are implicated."); *Chao*, 498 F. Supp. 2d at 1040 (granting limited stay where government is the

10

party in interest in criminal investigation and civil case and substantial burden to Fifth

Amendment rights); *Coley v. Lucas Cnty*, No. 3:09-CV-0008, 2011 U.S. Dist. LEXIS 133739, at

*12 (N.D. Ohio Nov. 18, 2011) (granting a motion to stay and treating the case as closed because

of the "threat to Defendants' Fifth Amendment rights"); *Coats v. Grand Blanc Cmty. Sch.*, No.

18-cv-12162, 2018 U.S. Dist. LEXIS 204295, at *4 (E.D. Mich. Dec. 3, 2018) (granting a stay of

all obligations when a defendant "may be compelled to answer questions in the civil case that he

would have the right to refuse to answer in the criminal case.").

As in these and other cases granting stays, Mr. Williams proffers a substantial interest in

a limited stay to avoid impairment to his Fifth Amendment right as well as discovery of his

defenses and other information beyond the reach of discovery in the criminal process.[5]

Therefore, particularly given the fact that the federal government is the driving party behind both

the criminal investigation and this civil proceeding, this factor weighs strongly in favor of a stay.

### 5.    A Stay is in The Interests of The Court.

This fifth factor also supports a stay through the promotion of judicial efficiency.  The

resolution of the criminal investigation may serve to expedite the civil proceedings, resulting in

decreased expenditure of judicial time and resources litigating Fifth Amendment and other

issues.  As Judge Katz explained in *McCloskey v. White*, "concerns of judicial efficiency militate

in favor of a stay" because the defendant "will not be able to answer much of the discovery

Plaintiff will propound upon [him] at this time" and "[t]he parties, and the Court, would have to

consume time and energy in determining the precise contours of [the defendant's] Fifth

Amendment rights[.]"  No. 3:09-CV-1273, 2011 U.S. Dist. LEXIS 19877, at *3 (N.D. Ohio Mar.

---

[5] If formally charged, Mr. Williams will have the additional objection regarding the demand on limited resources to
defend two concurrent actions brought by the same federal government.

1, 2011); s*ee also Walsh Sec.*, 7 F. Supp. 2d at 528-29 (acknowledging that a stay was warranted because the ongoing parallel criminal investigation would likely cause inefficiency).

In addition, because a criminal conviction would result in issue preclusion in this civil case with a lower standard of proof (but not in the other direction), allowing some time for the criminal process to proceed may result in significant savings in judicial and other resources, if not resolve this case altogether.

Finally, while this Court does have an interest in moving matters on its docket, Mr. Williams seeks a stay for only a limited period of time and for only acts which implicate his Fifth Amendment right against self-incrimination.  *See Brock*, 109 F.R.D. at 121 (noting the court's concerns about a stay may be alleviated by allowing the parties to petition the court to lift or modify the stay due to a change in circumstances).  The case may still proceed with the production by the SEC of relevant documents and testimony developed during its investigation, as well as potentially other discovery.

**6.    The Public Interest Weighs in Favor of a Stay.**

Finally, a stay is in the public interest of preserving a fundamental constitutional right and not impeding the criminal process.  The public interest in effective criminal prosecution generally outweighs any existing civil interests.  *See Newman v. United States*, No. 3:90-CV-7646, 1992 U.S. Dist. LEXIS 1552, at *1 (N.D. Ohio Jan. 10, 1992) (noting "[t]he public interest in the criminal case takes precedence over a parallel civil case.") *accord*, *Abdallah*, 313 F.R.D. at 64.  In addition, as discussed above, federal courts have recognized the significant interest in not allowing the civil case to be used to conduct discovery regarding a criminal investigation.  *See e.g.*, S*EC v. Downe*, No. 92 Civ. 4092, 1993 U.S. Dist. LEXIS 753, at *41 (S.D.N.Y. Jan. 26, 1993) (staying all discovery for three months to avoid potential harm to the criminal investigation).

## <u>CONCLUSION</u>

The balancing of the relevant factors here supports the issuance of a limited stay of this this civil action to protect against impairment of Mr. Williams' Fifth Amendment right and to promote other valid interests discussed above.

WHEREFORE, for the foregoing reasons, Mr. Williams respectfully submits that this Court should grant a limited stay until June 15, 2023 of his obligation to answer the Complaint, respond to discovery, or sit for a deposition.

Respectfully submitted,

Dated: November 7, 2022

/s/  *Edmund W. Searby*
Edmund W. Searby (OH Bar #0067455)
Carrie R. Yamamoto (PA Bar #328915)[6]
Porter Wright Morris & Arthur LLP
950 Main Ave. Suite 500
Cleveland, OH 44113
Phone: (216) 443-9000
Fax: (216) 443-9011
esearby@porterwright.com
*Counsel for Defendant, Sean Williams*

---

[6] Mrs. Yamamoto is admitted to practice in the United States District Court for the Western District of Pennsylvania and is not yet admitted to practice in the United States District Court for the Northern District of Ohio.

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 7, 2022, a true and correct copy of the within **Motion to Stay Civil Proceedings** was served via this Court's ECF System and by electronic mail on the following:

Michael D. Foster  (Fostermi@sec.gov)
Meredith J. Laval  (Lavalm@sec.gov)
Matthew T. Wissa  (Wissam@sec.gov)
U.S. SECURITIES AND EXCHANGE COMMISSION
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois 60604

/s/  *Edmund W. Searby*
Edmund W. Searby (OH Bar #0067455)
esearby@porterwright.com

21399415v2