UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | CASE NO.  1:22-cv-1554 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| KRIS A. SWAFFER, *et al*., | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before this Court is Plaintiff the Securities and Exchange Commission's ("SEC") motion to strike *pro se* Defendant Sean Williams' affirmative defenses.  (Doc. No. 31.)  Mr. Williams did not oppose this motion, and the deadline to do so has passed.  For the reasons that follow, this motion is GRANTED in part and DENIED in part.

## I.   Background

Plaintiff initiated this case against Defendants Kris Swaffer, Sean Williams, POHH, Inc., and Rosalyn Swaffer on September 1, 2022.  (Doc. No. 1.)  The complaint alleges that Defendants violated federal law by offering and making misrepresentations about unregistered securities.  (*See id.* at 1-4, ¶¶ 1-12.)[1]

Mr. Williams initial answer to the complaint asserted a blanket invocation of the Fifth Amendment's protection against self-incrimination.  (Doc. No. 16 at 113.)  On January 18, 2023,

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

Mr. Williams filed an amended answer.  (Doc. No. 21.)  In his answer, Mr. Williams raised

twelve "affirmative and other defenses."  (*Id.* at 165-66, ¶¶ 1-12.)  Plaintiff moves to strike Mr.

Williams' laches, estoppel, unclean hands, disclosure, assumption of the risk, and waiver and

ratification defenses.  (Doc. No. 31 at 263.)[2]

## II. <u>Law</u>

Fed. R. Civ. P 12(f) allows a court to "strike from a pleading an insufficient defense or

any redundant, immaterial, impertinent, or scandalous matter."  "Motions to strike under Rule

12(f) are addressed to the sound discretion of the trial court."  *Chiancone v. City of Akron*, No.

5:11-cv-337, 2011 WL 4436587, at *2 (N.D. Ohio Sept. 23, 2011).  However, such motions "are

viewed with disfavor and are not frequently granted."  *Operating Engineers Local 324 Health

Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015).  "[T]he action of striking

a pleading should be sparingly used by the courts," "resorted to only when required for the

purposes of justice," and "only when the pleading to be stricken has no possible relation to the

controversy."  *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.

1953).

---

[2] As Plaintiff acknowledges, the motion to strike was filed outside the 21-day deadline imposed
by Fed. R. Civ. P. 12(f).  (Doc. No. 31 at 265.)  The Court nonetheless reviews the motion for
two reasons.  First, Mr. Williams did not oppose this motion and, thus, did not raise timeliness as
a basis to deny Plaintiff's motion.  It is not this Court's job to argue on Mr. Williams' behalf.
*E.g.*, *Mid-Century Ins. Co. v. Fish*, 749 F. Supp. 2d 657, 675 (W.D. Mich. 2010) ("[I]t is not the
court's role to create and develop arguments for the parties, and the court will not do so here.").
Second, district courts retain discretion to consider motions to strike filed outside the 21-day
deadline.  *E.g.*, *ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 973 F. Supp. 2d 842,
845 (N.D. Ill. 2014); *S.E.C. v. Am. Growth Funding II, LLC*, No. 16 CV 0828 (KMW), 2017 WL
728701, at *1 (S.D.N.Y. Feb. 22, 2017).

While there is disagreement within this District regarding the proper affirmative defense pleading standard,[3] the Court concludes that an affirmative defense is properly pleaded if it provides "fair notice of the nature of the defense." *Lindenbaum v. Energy Servs. Providers, Inc.*, No. 1:21-cv-00764, 2021 WL 3036505, at *3 (N.D. Ohio July 19, 2021) (quoting *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006)).  Under this standard, "general or boilerplate defenses are acceptable, even if they lack factual specificity, so long as it remains possible that the defenses relate to the claims at hand." *Id.* (quoting *Fed. Trade Comm'n v. Stratford Career Inst.*, No. 16-CV-371, 2016 WL 3769187, at *2 (N.D. Ohio July 15, 2016)); *see also Brown & Williamson*, 201 F.2d at 822 ("We think that the District Court erred in striking the affirmative defenses of the answer.  It has not been shown that these defenses have no relation to the controversy.").  "If, however, the relevant legal standard for the defense makes the affirmative defense completely inapplicable, then the defense must be struck." *Stratford*, 2016 WL 3769187, at *2.

---

[3] *Compare Revolaze, LLC v. Target Corp.*, No. 1:17-cv-2417, 2018 WL 8838853, at *2 (N.D. Ohio July 31, 2018) ("Affirmative defenses should provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of the possibility that it may apply to the case." (cleaned up)) *with Greenberger v. Bober, Markey, Fedorovich & Co.*, 343 F.R.D. 375, 377-78 (N.D. Ohio 2023) ("An affirmative defense may be pleaded in general terms and will be held to be sufficient as long as it gives plaintiff fair notice of the nature of the defense." (cleaned up)).

### III. <u>Analysis</u>

#### A. Laches, Waiver, and Assumption of the Risk

Plaintiff has demonstrated that the laches, waiver, and assumption of the risk defenses should be stricken from Mr. Williams' answer, as these defenses are "completely inapplicable" to this case and fail as a matter of law. *Id.*

First, the Supreme Court has clearly stated that laches cannot be asserted against a government agency like the SEC here. *United States v. Summerlin*, 310 U.S. 414, 416 (1940) ("It is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights."); *see also S.E.C. v. Silverman*, 328 F. App'x 601, 605 (11th Cir. 2009) ("[W]e agree with the district court's finding that laches is not available as a defense to this SEC civil law enforcement action.").

Second, Plaintiff has cited several persuasive cases that stand for the proposition that Plaintiff, the SEC, cannot be subjected to the affirmative defense of waiver. (Doc. No. 31 at 270-71.) *S.E.C. v. Morgan, Lewis & Bockius*, 209 F.2d 44, 49 (3d Cir. 1953) ("[T]he commission may not waive the requirement of an act of Congress nor may the doctrine of estoppel be invoked against the Commission."); *S.E.C. v. U.S. Funding Corp.*, No. CIV. 02-2089(WJM), 2006 WL 995499, at *8 (D.N.J. Apr. 11, 2006) ("The doctrine of waiver, however, is also not available against the SEC."); *S.E.C. v. Rayat*, No. 21-cv-4777 (LJL), 2021 WL 4868590, at *3 (S.D.N.Y. Oct. 18, 2021) ("The defense of waiver also is a legally insufficient basis for precluding a plaintiff from prevailing on its claims."); *S.E.C. v. Culpepper*, 270 F.2d 241, 248 (2d Cir. 1959) (same). By failing to oppose the motion, Mr. Williams has not offered any argument or caselaw suggesting that this defense could ever possibly be available. The

4

Court, therefore, finds the authority cited by Plaintiff to be persuasive and strikes the affirmative defense of waiver.

Third, Plaintiff correctly argues that the assumption of the risk defense could never be meritorious in this case because Plaintiff did not invest in the securities at issue and, thus, could not be said to assume the risk of the harm alleged in the complaint.  (Doc. No. 31 at 271.)  *See S.E.C. v. Christian Stanley, Inc.*, No. CV117147GHKMANX, 2012 WL 13009138, at *7 (C.D. Cal. Apr. 4, 2012) ("[A]ssumption of risk is a state law tort liability affirmative defense, and Defendant cites no authority showing that it could possibly be legally cognizable in an SEC enforcement action, where the Plaintiff was not an investor and thus could not have assumed any risks.").

### B.  Estoppel and Unclean Hands

Unlike with the laches, waiver, and assumption of the risk defenses, Plaintiff acknowledges that estoppel and unclean hands do not always fail as a matter of law when brought against the SEC.  (Doc. No. 31 at 268-70.)  In the Sixth Circuit, the party raising the estoppel defense "must demonstrate some 'affirmative misconduct' by the government in addition to the other estoppel elements" for the defense to succeed against a party like the SEC. *Michigan Exp., Inc. v. United States*, 374 F.3d 424, 427 (6th Cir. 2004) (quoting *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001)).  Similarly, courts have recognized that the unclean hands defense may be available when the "SEC's conduct is egregious."  *S.E.C. v. Cuban*, 798 F. Supp. 2d 783, 784 (N.D. Tex. 2011).

Although the Court recognizes that Mr. Williams faces a high hurdle in succeeding on these defenses, the Court will not deprive him of his right to develop facts and arguments as to

why these defenses are viable during a later stage in litigation.  Aiding this decision is that Mr.
Williams is proceeding *pro se*, and the Sixth Circuit instructs courts to "liberally" construe *pro se*
pleadings.  *E.g.*, *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).  Plaintiff's motion makes
clear that it generally understands how these defenses may be "relevant to the claims at hand."
*Lindenbaum*, 2021 WL 3036505, at *3.  The motion is denied as it relates to these defenses.

### C. Disclosure

Plaintiff states that it is not entirely sure what the basis is for Mr. Williams' "disclosure"
defense – or whether it is even an affirmative defense or just a denial of allegations.  (Doc. No.
31 at 271.)  The Court shares these concerns.  Rather than striking this statement entirely, this
Court, like the court in *Greenberger*, will allow Mr. Williams to amend his answer to sufficiently
explain how it is "possible that [this defense] relates to the claims at hand."  *Lindenbaum*, 2021
WL 3036505, at *3; *Greenberger*, 343 F.R.D. at 378.  The defense will be stricken if this
amendment is not filed by November 1, 2023.

### IV. Conclusion

For the reasons stated herein, Plaintiff's motion is GRANTED in part and DENIED in
part.


**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
**Date**: October 16, 2023                             UNITED STATES DISTRICT JUDGE