**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:22-cv-1554 |
| KRIS A. SWAFFER,  et al., | ) ) | |
| Defendants. | ) ) ) | Hon. Bridget Meehan Brennan |

### PLAINTIFF'S MOTION FOR ENTRY OF CONSENT JUDGMENTS, WITH INCORPORATED MEMORANDUM OF LAW

Plaintiff, the United States Securities and Exchange Commission ("SEC"), hereby moves the Court to enter the Final Judgments submitted herewith. The SEC has reached settlements with Defendants Kris A. Swaffer ("Swaffer") and Sean K. Williams ("Williams") as well as Relief Defendant Rosalyn K. Swaffer ("Rose Swaffer"), and each has consented to the entry of the respective judgment resolving the matter as to him or her. In support of this motion, the SEC states as follows:

1.      On September 1, 2022, the SEC filed its Complaint in this matter alleging violations of the federal securities laws by Swaffer and Williams (as well as POHIH, Inc.) and unjust enrichment of Rose Swaffer. The SEC has now reached settlements in this case with Swaffer, Williams, and Rose Swaffer.

### Kris Swaffer

2.      Attached hereto as **Exhibit 1** is the executed Consent of Swaffer, which sets forth the terms of his settlement with the SEC.

3.    Attached hereto as **Exhibit 2** is the proposed Final Judgment to which Swaffer has agreed. The Consent of Swaffer includes consent to entry of the Final Judgment.

4.    The proposed Final Judgment includes: (a) permanent injunctive relief precluding Swaffer from violating the securities laws provisions charged in the Complaint; (b) an officer and director bar prohibiting Swaffer from serving in those capacities for a public company; (c) disgorgement in the amount of $2,318,981 (of which Swaffer is liable for $676,362, on a joint and several basis, with Rose Swaffer), representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $513,982 (of which Swaffer is liable for $149,910, on a joint and several basis, with Rose Swaffer); and (d) a civil monetary penalty of $2,250,000.

### Sean Williams

5.    Attached hereto as **Exhibit 3** is the executed Consent of Williams, which sets forth the terms of his settlement with the SEC.

6.    Attached hereto as **Exhibit 4** is the proposed Final Judgment to which Williams has agreed. The Consent of Williams includes consent to entry of the Final Judgment.

7.    The proposed Final Judgment includes: (a) permanent injunctive relief precluding Williams from violating the securities laws provisions charged in the Complaint; (b) an officer and director bar prohibiting Williams from serving in those capacities for a public company; (c) disgorgement in the amount of $931,662, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $206,945; and (d) a civil monetary penalty of $880,000.

**Rose Swaffer**

8.     Attached hereto as **Exhibit 5** is the executed Consent of Rose Swaffer, which sets forth the terms of her settlement with the SEC.

9.     Attached hereto as **Exhibit 6** is the proposed Final Judgment to which Rose Swaffer has agreed. The Consent of Rose Swaffer includes consent to entry of the Final Judgment.

10.     The proposed Final Judgment includes disgorgement in the amount of $865,707 (of which Rose Swaffer is liable for $676,362, on a joint and several basis, with Swaffer), representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $191,877 (of which Rose Swaffer is liable for $149,910, on a joint and several basis, with Swaffer).

**Approval of Settlement Terms**

11.     Approval of a settlement in an SEC enforcement case is appropriate where it is "fair and reasonable, with the additional requirement that the public interest would not be disserved, in the event that the consent decree includes injunctive relief." *SEC v. Citigroup Global Markets, Inc.,* 752 F.3d 285, 294 (2d Cir. 2014). Factors to be considered include (1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind. *Id.* at 294-95 (internal citations omitted).

12.     Given the allegations in the Complaint, which the settling Defendants and Relief Defendant neither admit nor deny, the relief set forth above (*see* ¶¶ 4, 7, & 10) is a fair and reasonable resolution of this matter as to each individual Defendant or Relief Defendant. The

injunctive relief and the officer-and-director bar will serve the public interest. Disgorgement and civil penalties are remedies legally permitted in SEC enforcement actions. *See* 15 U.S.C. §78u(d)(3), (d)(7). The terms of the proposed Final Judgments are clear and the product of arms-length negotiations. Entry of the Proposed Judgments will further the interests of justice and conserve judicial resources.

13.     In their respective Consents, Swaffer, Williams, and Rose Swaffer each agrees that the SEC "may present the [proposed] Final Judgment to the Court for signature and entry without further notice."  (Ex. 1, ¶ 14; Ex. 3, ¶ 14; Ex. 5, ¶ 12)

WHEREFORE, the SEC respectfully requests that the Court grant this Motion and enter the proposed Final Judgments attached hereto.  The SEC has also submitted the proposed Final Judgments via email to: Brennan_Chambers@ohnd.uscourts.gov.

Dated:  August 29, 2024                    Respectfully Submitted,

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**

*s/Michael D. Foster*
Michael D. Foster, Illinois Bar No. 6257063
Matthew T. Wissa, Illinois Bar No. 6324860
U.S. Securities and Exchange Commission
Chicago Regional Office
175 West Jackson Blvd., Suite 1450
Chicago, Illinois 60604
(312) 353-7390
(312) 353-7398 (facsimile)
FosterMi@sec.gov
WissaM@sec.gov

*Attorneys for Plaintiff*

- 4 -

## CERTIFICATE OF SERVICE

I, Michael D. Foster, an attorney, being duly sworn, state on oath that on August 29, 2024, I caused Plaintiff's Motion for Entry of Consent Judgments to be served upon Defendants Sean Williams and Kris Swaffer and Relief Defendant Rosalyn Swaffer via email, mail and/or overnight delivery:

<u>s/ Michael D. Foster</u>
Michael D. Foster